

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CD:EAL
#2006R01174

*195 Montague Street*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

July 19, 2006

**By Hand Delivery and ECF**
The Honorable Allyne R. Ross
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*[handwritten annotation: The application for an expedited report is granted. So ordered. 7/21/06, USDJ]*

Re: United States v. Masayuki Saitoh
Criminal Docket Number 06-461 (ARR)

*[handwritten: cc: Counsel, Probation Dpt]*

Dear Judge Ross:

The government respectfully submits this letter in opposition to the defendant's request that the court dispense with the need for a Pre-Sentence Report in this case.

On July 18, 2006, before Magistrate Judge Azrack, the defendant pleaded guilty to an information charging him with knowingly and intentionally assaulting and intimidating a flight attendant of American Airlines Flight 168 en route from Tokyo, Japan to John F. Kennedy International Airport, Queens, New York, which assault and intimidation interfered with and lessened said flight attendant's ability to perform her duties, in violation of Title 49, United States Code, Section 46504. Briefly, those charges stem from the defendant's becoming intoxicated on the flight, assaulting a flight attendant when she refused to serve him any more alcoholic beverages, assaulting his wife by, <u>inter alia</u>, grabbing her and punching her in the forehead and face, and shoving another flight attendant who attempted to move the defendant to a seat away from his wife. The defendant had to be restrained by the First Officer and three passengers on the flight in order to prevent him from further disrupting the flight. Upon landing at JFK, the defendant was placed under arrest.

The defendant was released on bail by Magistrate Matsumoto on June 22, 2006. His bail conditions include a requirement that he reside at a hotel near the Brooklyn



courthouse, with his wife, and that both he and his wife surrender their passports. It appears that the defendant's wife and her family are supporting the defendant and his wife while they are in the United States.

The government does not object to expediting the sentencing proceedings in this case. We do, however, object to the request to proceed with the defendant's sentencing without a Pre-Sentence Report.

The government believes that the current record does not provide an adequate basis for the meaningful execution of the Court's sentencing authority. The Pretrial Services Report is not "detailed," as defense counsel suggests, but rather, as most Pretrial Services Reports are, is quite brief, lacks detail, and appears to have been produced under significant time pressure and without any ability to obtain corroboration. For example, Paragraph II.B of the Pretrial Services Report states that "[d]ue to time constraints" the Pretrial Services Officer was unable to corroborate certain of the defendant's personal information with his wife. Furthermore, the Pretrial Services Report does not contain detailed information concerning the defendant's financial situation and, therefore, his ability to pay a fine. Additionally, there is a conflict between what the wife reported in the Pretrial Services Report and what she apparently reported to a flight attendant on the flight as to the defendant's drinking problem and his abuse of her in the past.

Moreover, the Pretrial Services Report fails to provide any detailed information about the victims in this case. Typically, the Probation Department interviews such victims and informs the Court about any physical, emotional, or financial harms that result from a defendant's conduct. In this case, there are multiple victims and such information would be relevant at sentencing.

The government believes, therefore, that it would be improper to sentence the defendant without a Pre-Sentence Report. The government submits that expediting the Pre-Sentence Report in this case will ensure that the defendant is sentenced as soon as possible, while also providing the Court with adequate information to fashion a reasonable sentence. The government has spoken with a Pre-Sentence Report Administrator in the Probation Office, who will assign a Probation Officer first thing tomorrow

morning and will inform such individual that the Pre-Sentence Report needs be to be produced on an expedited basis.

Thank you for your consideration.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
Elizabeth Latif
Assistant U.S. Attorney
(718) 254-6343

cc: Heidi Cesare, Esq.